**George Richard HUNTER, Plaintiff, pro se,**

v.

**SECRETARY, DEPARTMENT OF HEALTH, EDUCATION & WELFARE, Social Security Administration, Defendants, et al.**

Civ. A. No. 40331.

United States District Court
E. D. Pennsylvania.
April 25, 1968.

Bernard F. Shearn, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, Philadelphia, Pa., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

This is a suit under 42 U.S.C. § 405(g) against the Secretary of Health, Education and Welfare by a claimant who alleges that the Secretary erred in denying him disability benefits under 42 U.S.C. § 423. The decision became final when the Appeals Council affirmed and supplemented a decision by the hearing examiner on April 29, 1965. Defendant has moved for summary judgment. We have decided to remand for further deliberations in accordance with this opinion.

Claimant is now a prisoner at the Philadelphia State Correctional Institution, serving a sentence of five to fifteen years for attempted burglary. He had a prior history of arrests and convictions. Hunter claims he has been disabled since at least June 19, 1963 because of a mental condition. No testimony was taken in this case due to plaintiff's circumstances. The examiner and the Council relied on medical documents received from various treating physicians and institutions. Hunter contends that they did not consider all the reports of which he had advised them and asks for a remand on this account.

Plaintiff was born on June 26, 1931 and completed the eighth grade in school. He was married and has a "small daughter", but is now divorced. He was an electrical apprentice in the construction field for about five years before imprisonment. He would connect electrical boxes and fixtures, cutting wires and attaching them to outlets and circuit boxes. He assisted in hooking up air conditioners, refrigerators and dry cleaners. He has also performed work as a salesman for office furniture and roofing products. For a short time he worked as a detail man for a baby food concern, checking products on the grocer's shelves. When interviewed at the prison in September, 1964, he was working in the prison bakery, preparing the mix for bread and placing the ingredients in a mixing machine.

Plaintiff has been variously described by the medical reports as having, "inadequate personality", "sociopathic personality disturbance, sexual deviation, rapist with sadistic and masochistic tendencies" and "psychopathic personality with a sexual perversion." The examiner found that the claimant suffered from a personality pattern disorder and further that there was no evidence of any associated psychosis, psychoneurosis or other impairment. In denying the claim, he relied on a regulation of the Social Security Administration which precludes personality defects from being classified as mental impairments.[1] The Appeals Council found that he was not "acutely psychotic" at any time and also denied relief.

We hold that both the examiner and the Council erred in assuming too inflexible a view of the regulation in footnote 1, which if so construed would render it invalid. Marion v. Gardner, 359 F.2d 175 (8th Cir. 1966). Wooley v. Gardner, 283 F.Supp. 576 (E.D.Pa.1968). It is to be regarded as a general guide as to whether

---

1. "Personality disorders are characterized by patterns of socially unacceptable behavior, such as chronic alcoholism, sexual deviation and drug addiction. In the absence of an associated severe psychoneurosis or psychosis, a personality disorder does not in itself result in inability to engage in substantial gainful activity.

A person confined in a correctional institution because of anti-social behavior will not be considered disabled unless he has other severe impairments which would preclude any substantial gainful activity if he had not been so confined." 20 C.F.R. § 404.1519(c) (2) (iii).

claimant is entitled to a period of disability. There is nothing in the statute to suggest that some types of mental impairments are to be excluded from coverage because of their anti-social nature. See Lewis v. Celebrezze, 359 F.2d 398 (4th Cir. 1966).

Whatever the terms describing plaintiff's mental condition may signify to a psychiatrist, it is clear that Hunter has some type of mental impairment, as used in the Act, despite whether it is classified as a personality disorder. The inquiry then must be directed to whether employment opportunities have been lessened. The two are inextricably related by the very definition of the word "disability". It is the duty of the Secretary to proceed in accord with the recent decision in Baker v. Gardner, 362 F.2d 864 at p. 868 (3rd Cir. 1966) where the court said:

"It is sufficient if a plaintiff offers evidence of an impairment, his work experience, his inability because of the impairment to do that work any longer, and his lack of particular experience for any other type of job. If there are other kinds of work available for which the plaintiff is suited, the Secretary must adduce some evidence from which a finding can be made that he can do some type of work, actually and not apparently. * * * In the absence of such a showing by the Secretary, a determination contrary to the plaintiff is not supported by substantial evidence."

We are remanding the case rather than entering summary judgment for plaintiff because he has the initial burden of proof and has not sustained that burden. The examiner or Council on remand need not consider any of the claimant's additional testimony, if they consider it useless.

Pierce v. Gardner, 388 F.2d 846 (7th Cir. 1967) is helpful but must be distinguished because here the examiner made no finding as to whether the mental condition affected Hunter's employability. Although it is plaintiff's burden initially to show disability, the examiner must make some finding as to whether the

burden has been sustained in light of this opinion and of the rulings by the Court of Appeals for the Third Circuit. This is not to say that the mere fact of incarceration for a crime is enough to be entitled to benefits. The claimant must be able to prove that he would be unable to work if released.

### ORDER

And now, this 25th day of April, 1968, it is ordered that this case is remanded to the Secretary of Health, Education and Welfare for further action pursuant to the opinion of this Court.