**George Richard HUNTER, Plaintiff, pro se,**

v.

**SECRETARY, DEPARTMENT OF HEALTH, EDUCATION & WELFARE, Social Security Administration, Defendants, et al.**

**Civ. A. No. 40331.**

United States District Court, E. D. Pennsylvania.

June 3, 1971.

Benjamin Levin, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## OPINION AND ORDER

HAROLD K. WOOD, District Judge.

This is an action under Section 205 (g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. Both parties have moved for summary judgment. Plaintiff, George R. Hunter, is presently confined in the Maryland Penitentiary for a parole violation resulting from a rape conviction. It is his contention that he has been disabled and unable to engage in substantial employment since June, 1963 because of a mental impairment.[1]

Plaintiff was born in 1931 and left school while in the eighth grade. He first experienced psychological difficulties as a nine-year-old child and was treated for six months by a psychiatrist who described him as excitable and apprehensive. After leaving school, plaintiff worked briefly as a box cutter and an electrician's helper. He served in the Army from 1952 to 1954, after which time he again worked as an electrician's helper and also as a stationery salesman and a baby food salesman until 1958. In 1958 plaintiff was arrested for rape and was convicted and sentenced to the Maryland Penitentiary. During his incarceration he was diagnosed as an inadequate personality. In January, 1962, plaintiff was paroled and received private psychiatric treatment. During this period he did clerical work for a fertilizer company and later was again

---

1. Plaintiff last met the Act's special earnings requirement on June 30, 1965.

employed as an electrician's helper. In August, 1962 he was returned to the Penitentiary for treatment and transferred to Spring Grove State Hospital, where he was again characterized as an inadequate personality. He was released from the hospital after approximately one month, although he continued to undergo treatment on an outpatient basis. He returned to work as an electrician's helper.

In June of 1963 plaintiff was arrested in Pennsylvania and charged with assault and battery, assault with intent to ravish, burglary and carrying firearms without a license. He was later convicted of attempted burglary and sentenced to a term of five to fifteen years. While awaiting trial he was sent to Harrisburg State Hospital for observation where he was described as having a sociopathic personality disturbance characterized by sexual deviation and rapist, sadist and masochistic tendencies. Plaintiff was transferred to the State Correctional Institute at Philadelphia later in 1963 and was incarcerated there until 1968. While there he worked in the kitchen as a baker's helper and assisted in dishing out food. In 1968 he was transferred to Huntington Correctional Institute where he again worked in the kitchen and in 1970 he was returned to Maryland for violating the parole on his original sentence.

Plaintiff applied for disability benefits on January 6, 1964. Benefits were denied by the hearing examiner on April 29, 1965 and the denial was affirmed by the Appeals Council on March 22, 1966. Plaintiff then instituted an action in this Court. We remanded the case to the Secretary on the grounds that (1) the hearing examiner and Appeals Council applied too inflexibly Section 404.1519

(c) (2) (iii) of the Social Security Regulations, 20 C.F.R. § 404.1519(c) (2) (iii) [2] and (2) that the hearing examiner made no finding as to whether plaintiff's mental condition affected his employability. See Hunter v. Secretary, Department of Health, Education & Welfare, 284 F.Supp. 524 (E.D.Pa. 1968). A second hearing was held at which the hearing examiner determined that plaintiff's mental impairment did not preclude him from engaging in substantial gainful employment.

The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). The question involved, therefore, is whether, viewed as a whole, the record contains substantial evidence to support the Secretary's finding that plaintiff was not under a disability as defined by the Social Security Act. Boyd v. Folsom, 257 F.2d 778 (3rd Cir. 1958). We conclude that the Secretary's findings are supported by substantial evidence.

In Marion v. Gardner, 359 F.2d 175 (8th Cir. 1966), the Court held that, while " * * * court-imposed hospitalization or incarceration is not, of itself, the kind of disability contemplated by the statute, [I]f, however, the confinement is occasioned 'by reason of any medically determinable physical or mental impairment,' etc., there is no reason why the statutory disability may not be established if the other prescribed conditions are met." *Supra,* at p. 182. These other prescribed conditions are that, in addition to suffering from a mental impairment, the claimant must be unable to engage in any substantial gainful activity and that the inability be by reason of the impairment. *Supra.*

2. This regulation provides:
   "Personality disorders are characterized by patterns of socially unacceptable behavior, such as chronic alcoholism, sexual deviation and drug addiction. In the absence of an associated severe psychoneurosis or psychosis, a personality disorder does not in itself result in inability to engage in substantial gainful activity. A person confined in a correctional institution because of anti-social behavior will not be considered disabled unless he has other severe impairments which would preclude any substantial gainful activity if he had not been so confined."

■ The Secretary found that plaintiff in the instant case did not show that his mental impairment rendered him incapable of engaging in substantial employment. We agree. It is well established that the mere presence of a disease or impairment is not of itself disabling. Gotshaw v. Ribicoff, 307 F.2d 840 (4th Cir. 1962). While plaintiff has established that he suffers from a mental impairment, he has presented no evidence which indicates that this condition renders him unable to engage in substantial employment. No medical report presented by plaintiff suggests that he cannot work. Moreover his work record shows continual employment during those periods when he was not incarcerated. Even in prison, plaintiff worked six or seven hours a day, five days a week in the prison kitchen.

In Pierce v. Gardner, 388 F.2d 846 (7th Cir. 1967) the Court distinguished *Marion* on the grounds that in that case the claimant was confined in an institution "providing for the care and commitment of persons having *uncontrollable and insane impulses* to commit sexual offenses." (emphasis added). In *Pierce* as in the instant case, no such uncontrollable impulse was shown, but rather a *propensity* for the commission of such crimes. There, as here, the claimant was engaged in continual employment except for those periods of time when he was incarcerated following his commission of a sexual offense. The Court concluded that:

"* * * [P]laintiff has wholly failed to meet the burden of showing that his 'mental disorder' is what precludes him from engaging in substantial gainful activity. In fact, to the contrary, the record appears to indicate that the plaintiff's mental condition or disorder has not affected his ability

to engage in his occupation as a sheet metal worker, albeit his propensities for the commission of sex offenses have repeatedly resulted in incarcerations which have interrupted his employment." *Supra*, 388 F.2d at p. 848.

Similarly in this case plaintiff has failed to meet his burden.[3]

■ Finally, we see no merit to plaintiff's contention that the hearing examiner applied too stringently the provisions of the Regulations, Section 404.1502(b), 20 C.F.R. 404.1502(b) which provides in part that where a claimant suffers from a condition other than a listed impairment, or the medical equivalent thereof, in order for him to be found to be disabled,

"It must be established that his physical or mental impairment or impairments are of such severity, i. e., result in such *lack of ability to perform significant functions as moving about, handling objects, hearing, speaking, reasoning, and understanding,* that he is not only unable to do his previous work * * * but cannot * * * engage in any other kind of substantial gainful work which exists in the national economy * * *" (emphasis added).

Such a regulation is, of course, merely a general guide and cannot be construed so as to peremptorily bar from qualification for benefits those who do not come under its literal terms. See *Marion, supra*. We are convinced that it was properly used in this manner by the hearing examiner. While he cited the regulation in his decision, in somewhat paraphrased form, his findings of fact and conclusions clearly indicate that his determination that plaintiff is not disabled was not based on plaintiff's failure

3. The *Marion* Court based its determination that plaintiff was unable to engage in substantial gainful activity partly upon the fact that few if any employers would hire a person with his impairment. Under the 1968 Amendments to the Act, this is no longer a proper consideration,

as one who is shown to be capable of performing substantial, gainful work is not disabled "regardless of * * * whether he would be hired if he applied for work." 42 U.S.C. § 423(d) (2) (A). See also Gentile v. Finch, 423 F.2d 244 (3rd Cir. 1970).

to establish an impairment of the severity described in the regulation.

## ORDER

And now, this 3rd day of June, 1971, it is ordered that plaintiff's motion for summary judgment is denied; defendant's motion for summary judgment is granted.