No. 72–1550. ALO *v.* UNITED STATES. C. A. 2d Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR.· JUSTICE BRENNAN and MR. JUSTICE MARSHALL concur, dissenting.

In 1969 the petitioner was indicted for obstructing an investigation of the Securities and Exchange Commission, and he was convicted by a jury. Both in pretrial motions and on appeal the defendant insisted that the Government had obtained an identical indictment in 1966 but had for some reason kept it secret, and that therefore there was a three-year post-indictment delay which denied the defendant his right to a speedy trial. The Government would not confirm or deny this allegation, and the defendant was unable to produce substantiating evidence. The conviction was affirmed, the Court of Appeals concluding that in any case no prejudice was shown by the defendant. 439 F. 2d 751, 755–756 (CA2 1971). The present proceeding arises from petitioner's motion to vacate sentence, based on newly discovered evidence confirming the petitioner's earlier suspicions and revealing motivations for the delay which the District Court found were "unworthy and discreditable." The motion was denied, however, again for the reason that no prejudice had been shown, and the Court of Appeals again affirmed.

As revealed in part by a Justice Department memorandum made available to the District Court, the Govern-

ment embarked on a conscious mission to conceal the 1966 indictment to prevent disclosure of an illegal wiretap on a member of the Bar. At first the indictment was sealed. Two years later the Chief of the Fraud Section of the Criminal Division wrote a confidential memorandum to the Assistant Attorney General in charge of the Division. He pointed out that the indictment was sealed because of its factual relationship to another indictment returned the same day against a Miami attorney, who had been the subject of the "electronic surveillance." The memorandum continued: "Immediately after the return of the indictments, United States Attorney Morgenthau expressed great concern over the disclosure of these logs, because he did not want to spread on the record that the Department had engaged in electronic surveillance of a member of the bar. Assistant United States Attorney Givens now proposes the dismissal of the indictment as to [the attorney] and the opening of the Alo indictment . . . ." The memorandum then went on to state why it might be possible to prevent disclosure of the wiretap in a prosecution of Alo, the petitioner here, an associate of the overheard attorney.

For reasons still unknown, the Government never did proceed with the 1966 indictment against the petitioner; instead it kept that indictment secret and proceeded with the new indictment, more than three years after the original 1966 indictment. Although the suspicions of the defense were aroused, as indicated above the Government was able to keep the earlier indictment and the embarrassing wiretaps secret throughout petitioner's trial.

In *Barker* v. *Wingo,* 407 U. S. 514, 533 (1972), we noted that a speedy trial is "a fundamental right of the accused" that is "specifically affirmed in the Constitution." In determining whether that right had been denied, we looked primarily to four factors: "Length

of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.,* at 530. But we cautioned that no one of these four factors is "a necessary or sufficient condition" to finding that the right to speedy trial has been denied. *Id.,* at 533.

There can be no contention that the three-year delay is *"de minimis,"* and the defendant here surely cannot be faulted for failing to assert his right. See *id.,* at 525–527. The Government argues that he has made no showing of prejudice however, and on this basis alone his claim should be denied. The petitioner argues that in a case such as this, where the delay, caused by the Government, is not only unjustified but is "unworthy and discreditable," his failure to make a showing of prejudice is not crucial.

In 1963 Mr. Chief Justice Warren warned that the "fantastic advances in the field of electronic communication constitute a great danger to the privacy of the individual . . . [imposing] a heavier responsibility on this Court in its supervision of the fairness of procedures in the federal court system." *Lopez* v. *United States,* 373 U. S. 427, 441 (concurring). That danger has not abated. In 1972 alone 43,000 people were overheard in 500,000 conversations pursuant to electronic surveillance authorized under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U. S. C. § 2510 *et seq.* Administrative Office of the United States Courts, Report on Applications for Orders Authorizing or Approving the Interception of Wire or Oral Communications, Table 4, pp. 12–13. (1972). There is no tally available of the electronic surveillance undertaken which does not purport to be authorized by Title III. My views on the constitutionality of electronic surveillance have been expressed before. See, *e. g. United States* v. *White,* 401 U. S. 745, 756 (1971).

Nothing in our opinion in *Barker* suggests that a finding of prejudice is necessary before relief can be granted in denial of a speedy trial; indeed, as pointed out above, the opposite is true. Cf. *Strunk* v. *United States,* 412 U. S. 434 (1973). The admitted Government misconduct here which led to the three-year delay arguably presents the kind of fact situation in which it is not necessary for the defendant to show prejudice. I would grant certiorari.