**Elsie A. LAWHORN, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary Health, Education and Welfare, Defendant.**

**Civ. A. No. 73–C–25–L.**

United States District Court, W. D. Virginia, Lynchburg Division.

Oct. 26, 1973.

James H. Fulghum, Jr., Roanoke, Va., for plaintiff.

Paul R. Thomson, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This is an action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The decision rendered by an administrative law judge on January 11, 1973, became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review, on March 12, 1973. This final determination provided that the plaintiff was not entitled to disability insurance benefits based on her application filed December 23, 1971.

Plaintiff is a 59 year old widow living with her son, his wife and their daughter in Buena Vista, Virginia. She had been employed for 29 years, until February 5, 1971, as a finisher for the James Lee Carpet Co. of Glasgow, Virginia. Prior to her employment as a carpet finisher she worked for 12 years as a table cleaner at Southern Seminary College. She alleged that she became unable to work on February 5, 1971, as a result of an accident in which her right wrist was broken and due to the cumulative effects of arthritis and bursitis. Furthermore, she alleges she has difficulty in walking or standing, suffers from terrible headaches and constant pain in various parts of her body.

 The hearing examiner, and hence the Secretary, after determining that plaintiff met the special earnings requirements of the Social Security Act, ruled she was not under a disability as defined in the Act because the evidence did not establish that the claimant's impairments prevented her from engaging in any substantial gainful activity for any continuous period at any time which lasted or could have been expected to last, for at least 12 months. He resolved that her medically determinable impairments would not prevent her from performing the light and sedentary work cited by the vocational expert which is available in the national economy. Upon review, this decision must be affirmed if it is supported by substantial evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1969). However, in applying the substantial evidence standard, this court should not abdicate its traditional responsibility of scrutinizing the entire record to determine whether the conclusions reached are rational. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

The statutory sections and regulations of the Social Security Act indicate that in order to insure a claimant is actually unable to secure and maintain employment he is required to evidence, by medically acceptable methods, that his impairment will be disabling for a significant length of time, and that he is unable to function in his previous job or in any other available work. As previously noted, the Secretary determined that plaintiff did not qualify for benefits because her physical condition did not in fact prohibit her employ in jobs theoretically available in the national economy. 20 C.F.R. § 404.-1502(b) (1973). This determination, and subsequent judicial review, involves consideration of objective medical facts, expert medical opinion, subjective evidence of pain and disability, and claimant's background, work history, and age. Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962).

In reviewing the "objective medical facts" and "the diagnosis, and expert medical opinions" consideration begins with the reports of Dr. Louis Ripley, an orthopedic surgeon, who treated plaintiff from February, 1964, until October, 1971. Dr. Ripley's initial examination of plaintiff occurred in 1964 concerning bursitis which he treated by cortisone injections. Recurrence persisted into 1967, plaintiff receiving conservation treatment for her ailment. In February of 1967 she complained of soreness in multiple joints and discomfort in her left heel. No gross swelling or stiffness was evident and Dr. Ripley prescribed medication. In 1971, Dr. Ripley saw the plaintiff at the request of Dr. John H. McClung, Mrs. Lawhorn's family physician. She was complaining of pain in both heels and Dr. Ripley also diagnosed a mild contracture of the right wrist. Dr. Ripley noted that plaintiff had lack of strength in gripping or pulling and limitation of complete fisting. Additionally, the radial deviation of the wrist limited motion in all fingers. The remainder of Dr. Ripley's evaluation was obtained from his correspondence with the Liberty Mutual Insurance Co. and focused on the work injury to plaintiff's wrist. In summary, he concluded that regarding her right hand, she was capable of returning to her job if she was given help in pulling the rugs. However, he opined her production would be slower than normal. He also noted that plaintiff "has multiple medical problems which no doubt are limiting her activity and probably not permitting her to go back to work."

At the request of the Virginia State Agency, plaintiff was referred to Dr. Benjamin A. Anderson, a specialist in internal medicine in March 1972. In his report to the Disability Determination Section, Dr. Anderson noted his impression was osteoarthritis, mild to moderate, cervical spine, right shoulder, right Achille's tendon and calcaneus. Minimal osteoarthritic change involving the distal interphalangeal joints of both hands was also noted, as was probable arteriosclerotic heart disease with cardiomegaly, New York Heart Assoc. Classification I–A.

The report of Dr. Walter S. Newman, Department of Roentgenology of Stonewall Jackson Hospital, acknowledged cardiomegaly, otherwise, plaintiff's chest appeared unremarkable. Arthritic changes of the cervical spine were revealed with some straightening of the usual lordotic curvature possibly due to associated muscle spasm. Dr. Newman suspected minimal arthritis or bursitis in the left shoulder and right wrist with deformity of the distal right radius suggestive of sequelae of the previous fracture. In addition, he noted bone spurs in the right heel and calcification in the Achille's tendon.

Dr. John H. McClung, plaintiff's personal physician, in a letter to the Liberty Mutual Ins. Co. stated "all attempts to get plaintiff back to work have failed due to multiple joint pain of her hip, feet, back and also the injured wrist." He believed that permanent impairment resulting from injury to her wrist to be 25% of the arm. In his report to the Social Security Administration he

opined that plaintiff's inability to work although partially due to her wrist was mainly caused by arthritic pain in both shoulders, especially the left, both hands, the right hip and right heel. Further, he noted moderate obesity and hypertension. He concluded plaintiff "made a valiant attempt to work but accomplished nothing but her own misery" and in his opinion she "was totally disabled to work." The conclusion of this court, after considering all of the medical evidence, including the opinions of the various doctors, is that this evidence is inconclusive and does not in itself supply the substantial evidence needed for affirmance.

The subjective evidence of pain and disability is of significant import in a claim of this nature, and the evidence proffered is indicative of total disability. Plaintiff testified at the hearing before the examiner that due to her arthritic condition she has constant pain in various parts of her body and is unable to walk or stand for long periods. Additionally, she stated she needs assistance in house cleaning and has difficulty cooking and washing dishes because of her tendency to drop things. Plaintiff's sister and two granddaughters testified at the hearing and basically confirmed plaintiff's assertions. Furthermore, they revealed that plaintiff's son and daughter-in-law had moved into plaintiff's house because they were fearful she might injure herself if she were left alone. They also testified that she had great difficulty in walking and that they believed she needed assistance in caring for herself.

This subjective evidence, however, must be supported by clinical and laboratory findings, 42 U.S.C. § 423(d)(3), and since the medical evidence is not conclusive, and the Secretary is charged with the duty of weighing the evidence, Gonzalez v. Richardson, 455 F.2d 953 (1st Cir. 1972), Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964), this subjective testimony does not necessarily prove plaintiff's case. But the other elements of proof—age, education and work experience—are also supportive of a finding of disability. Plaintiff is 59 years old, has a third grade education without any additional vocational training and has worked continually for the past 41 years, first for 12 years as a table cleaner and then for 29 years as a carpet finisher.

Support for a determination that plaintiff is totally disabled is found in other decisions which have held arthritic conditions can be disabling. *E. g.* Ber v. Celebrezze, 332 F.2d 293 (2d Cir. 1964); Turner v. Celebrezze, 243 F.Supp. 476 (D.C.S.C.1965); Music v. Ribicoff, 195 F.Supp. 907 (D.C.Ky.1961). The Social Security Regulations also lend support to this decision. The Regulations at 20 C.F.R. § 404.1502 provide two basic methods of proving disability, and in addition, furnish an exception to the national employability test, recognizing that in certain situations a claimant will be virtually unemployable. Section 404.-1502(c) provides in part:

Where an individual with a marginal education and long work experience (e. g. 35 to 40 years or more) limited to the performance of arduous unskilled physical labor is not working and is no longer able to perform such labor because of a significant impairment or impairments and considering his age, education and vocational background is unable to engage in lighter work, such individual may be found to be under a disability . . . .

Example: B, a 60-year old miner with a fourth grade education, after a life-long history of arduous physical labor alleged that he was under a disability because of arthritis of the spine, hips, and knees and other impairments. Medical evidence shows a combination of impairments and establishes that these impairments prevent B from performing his usual work or any other type of arduous physical labor. His educational background does not disclose either through performance or by similarly persuasive evidence that he has skills

or capabilities needed to do lighter work which would be readily transferable to another work environment. Under these circumstances, B may be found to be under a disability.

It is the conclusion of this court that plaintiff has not only shown that she is disabled pursuant to § 404.-1502(b) because her impairments are in fact disabling for any type of work, but alternatively she qualifies under the special situation outlined in § 404.1502(c).

For the aforementioned reasons, it is the opinion of this court that plaintiff has sustained the burden of establishing a disability under the Social Security Act. Therefore, it is ORDERED that the decision of the Secretary of Health, Education and Welfare be reversed, and this case is remanded to the Secretary for payment of benefits to the plaintiff.