**Angelo J. LOPRESTI, Jr.**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services.**

**Civ. A. No. 81–0101.**

United States District Court, E. D. Pennsylvania.

Aug. 6, 1981.

John F. Spirk, Jr., Easton, Pa., for plaintiff.

Joseph M. Masiuk, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an action brought under Section 205(g) of the Social Security Act (Act), 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health and Human Services (Secretary) denying plaintiff's claim for disability benefits under Title II of the Act.

Plaintiff is 34 years old (Tr. 22, 42). He has a seventh grade education (Tr. 43) and work experience as a laborer (Tr. 42) and as a welder and burner (Tr. 37). He alleges inability to work as of December 15, 1978 (Tr. 33, 83) because of a bad disc in his back (Tr. 35, 83).

Plaintiff filed an application for disability insurance benefits on June 18, 1979 (Tr. 83). The application was denied initially and on reconsideration by the Office of Disability Operations of the Social Security Administration, after the Pennsylvania State Agency, upon evaluation by a physician and a disability examiner, had found that plaintiff was not under a disability within the meaning of the Act (Tr. 87).

The case was considered *de novo* by an Administrative Law Judge (ALJ) before whom plaintiff, his attorney, and a vocational expert appeared. In a decision dated July 23, 1980, the ALJ determined that the plaintiff has the ability to engage in light work (Tr. 22). Therefore, the ALJ concluded that plaintiff was not disabled for purposes of the Act and thus not entitled to disability insurance benefits (Tr. 23). The Appeals Council denied the plaintiff's request for a review of this decision on November 18, 1980, thereby making it the final decision of the Secretary (Tr. 3).

The issue before the Court is whether the Secretary's final decision denying plaintiff's claim for disability benefits is supported by substantial evidence.

The principles of law governing judicial review of decisions which concern benefits under the Social Security Act can be found, simply stated, in *Warhola v. Harris*, 509 F.Supp. 1236 (E.D.Pa.1981):

"The Social Security Act limits judicial review of the Secretary's final decision. 42 U.S.C. § 405(g). If the Secretary's decision is supported by substantial evidence it must be affirmed by the Court. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389 [91 S.Ct. 1420, 28 L.Ed.2d 842] (1971). Substantial evidence is evidence which a reasoning mind would accept as sufficient to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. *Dobrowolsky v. Califano*, 606 F.2d 403 (3d Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)."

The burden of establishing disability is placed on the plaintiff and disability must be shown in accordance with the definition thereof under the Act. 42 U.S.C. § 423(d)(5); *Hess v. Secretary of Health,*

*Education and Welfare*, 497 F.2d 837 (3d Cir. 1974); 42 U.S.C. § 423(d)(1). Also, while a stringent requirement of proof of disability exists under the Act, there must also be substantial evidence to support the Secretary's findings and decision. *Stubbs v. Mathews*, 544 F.2d 1251 (5th Cir. 1977).

■ To sustain his burden, the plaintiff must first show a medically determinable physical or mental impairment, and second, the impairment must prevent the plaintiff from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 423(d)(2)(A); *Hargenrader v. Califano*, 575 F.2d 434 (3d Cir. 1978); *Baker v. Gardner*, 362 F.2d 864 (3d Cir. 1966). Substantial gainful activity is defined as work which exists in significant numbers in the national economy. 42 U.S.C. § 403(d)(2)(A). The determination of plaintiff's ability to engage in any substantial gainful activity is made with consideration of four elements of proof: (1) medical data and findings; (2) expert medical opinions; (3) subjective complaints; and (4) the plaintiff's age, education, and work history. *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972); *DePaepe v. Richardson*, 464 F.2d 92 (5th Cir. 1972).

Plaintiff originally injured his back in 1976 as a result of a fall at work during his employment as a welder. He continued to work until December 15, 1978, when pain and complications from the earlier injury caused him to terminate his employment. On January 13, 1979, he was hospitalized and his condition was diagnosed as having "a completely obstructing extradural defect at the L4–L5 level presumably representing a large extruding disc". (Tr. 119). Plaintiff's treating physician diagnosed his disability as being 100% and temporary, which prognosis has been consistently reaffirmed with the completion of ensuing examinations.

On August 1, 1979, plaintiff was examined by a consulting physician employed by the government. His conclusion was that plaintiff was not totally disabled but that he could do no work requiring lifting or bending, or prolonged standing, sitting or walking in any one position (Tr. 126).

At the administrative hearing a vocational expert was present to testify to the availability or unavailability of available employment which plaintiff could perform in light of his physical condition. The ALJ posed several hypothetical questions based first on the assumption that plaintiff's condition enabled him to engage in "light" work and later on the assumption that plaintiff's condition enabled him to do "sedentary" work. The vocational expert testified as to the availability of work in both of these categories. The vocational expert was then asked by counsel for plaintiff to assume the correctness of each doctor's report in turn and on the basis of each report, by itself, to respond as to the availability of employment for plaintiff. He answered that under either characterization of plaintiff's condition there was no available work which plaintiff could properly perform.

The ALJ, in his "Evaluation Of Evidence", rejected the expert opinions and conclusions of the only medical experts as well as those of the vocational expert, in favor of his own observations (Tr. 17). It must be noted that although the consulting physician labelled the plaintiff not totally disabled, the restrictions placed on plaintiff's ability essentially precluded the existence of any gainful activity which could be performed by plaintiff.

Also in his evaluation, the ALJ relied heavily on plaintiff's own testimony as to his discontinuation of medication and his failure to consistently perform certain prescribed exercises. Careful examination of the record shows that plaintiff's conduct was not contrary to or inconsistent with the doctor's orders but was in fact in close keeping with these orders. This finding removes a great deal of evidence upon which the ALJ relied in reaching his conclusion.

■ Where, as here, all medical testimony and/or expert opinions supported or tended to support the existence of disability, and no contrary medical or other testimony exists, the Secretary's finding was

not supported by substantial evidence. *Berven v. Gardner,* 414 F.2d 857 (8th Cir. 1969); *Stubbs v. Mathews, supra.* Where, as here, expert opinions are not repudiated or controverted by substantial evidence to the contrary, a decision adverse to such opinions should be set aside. *Colwell v. Gardner,* 386 F.2d 56 (6th Cir. 1967); *Gilbert v. Gardner,* 254 F.Supp. 124 (1966). Upon careful review of the record there appears to be insufficient evidence to support the Secretary's findings and conclusions and for that reason the Secretary's decision will be reversed.

In *Smith v. Califano,* 637 F.2d 968 (3d Cir. 1981), the Court stated when faced with a situation similar:

"The ALJ has decided every major issue of credibility against the claimant. Yet, when carefully reviewing the actual facts of record on which the ALJ presumably based his findings, it seems that the evidence in support of his adverse ruling is so slight that upon consideration of the entire record, one must wonder whether his findings, particularly his credibility findings, were based on a mere speculative hunch or were reasoned findings." 637 F.2d at 969.

As concluded in *Smith,* we do not find a sufficient basis for the findings of the ALJ. He failed to give appropriate consideration to the unrebutted medical and expert evidence. As in *Smith,* we conclude the ALJ made an "impermissible inference of no disability".

In our review and decision of this case we have relied on the supposition that plaintiff's disability is only a temporary one as suggested in the record (Tr. 114, 135, 138, 140) and in plaintiff's brief (P.B. 9). Our findings and conclusion are based on this assumption and we recommend that careful reexamination and reevaluation be periodically made of plaintiff and his disability so as to facilitate his return to gainful employment and to eliminate an unwarranted burden upon the Social Security System.

We find and conclude that the decision of the Secretary denying plaintiff's claim for disability benefits is not supported by substantial evidence. We shall grant plaintiff's motion for summary judgment and deny defendant's motion for summary judgment.