**Fred W. DRUMMOND**

v.

**Margaret HECKLER, Secretary, Health and Human Services.**

**Civ. A. No. 82–5674.**

United States District Court,
E.D. Pennsylvania.

June 14, 1983.

Thomas F. McDevitt, Sol R. Gitman, Thomas F. McDevitt, P.C., Philadelphia, Pa., for plaintiff.

Serena H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

This action is brought under 42 U.S.C. § 405(g) and § 1383(c)(3) to review a final decision of the Secretary of Health and

Human Services ("Secretary") which terminated plaintiff's disability benefits. The parties have filed cross-motions for summary judgment.

The plaintiff was initially found disabled on November 27, 1974, due to low back syndrome. (Tr. 14). The Secretary terminated plaintiff's benefits at the end of July, 1981, based on a finding that his disability had ceased in May, 1981. The Administrative Law Judge (ALJ), in a hearing decision dated August 24, 1982, found that the plaintiff's testimony that he was in constant pain was not credible. (Tr. 15). The ALJ also stated that the opinion of the plaintiff's treating physician that the plaintiff was disabled was unsupported by clinical evidence. (Tr. 14). The ALJ approved the termination of benefits based on a finding that the plaintiff "had the residual functional capacity for at least sedentary work." (Tr. 15). Given this capacity, along with the plaintiff's age, education, and work experience, the ALJ concluded that the plaintiff was not disabled. (Tr. 15).

The ALJ's work capacity finding was based on the testimony of Harold Kulman, a vocational expert, who also stated that sedentary jobs numbered in the thousands in the Philadelphia area. (Tr. 50–51). Mr. Kulman added, however, that plaintiff would not be able to do such work if he was in constant pain, whether severe (Tr. 53) or nagging. (Tr. 55).

■ The plaintiff testified that he suffers from constant pain. (Tr. 44). Absent contrary medical evidence, such testimony—if credible—is sufficient to entitle him to disability benefits. *Sayers v. Gardner,* 380 F.2d 940, 948 (6th Cir.1967); *Gardner v. Richardson,* 383 F.Supp. 1, 5 (E.D.Pa.1974).

The ALJ found the plaintiff's testimony not credible for two reasons: first, because he did not take all of his medicines daily; second, because it was not supported by medical evidence on the record. (Tr. 15).

■ The plaintiff testified that he takes valium "practically every day," and that he takes his other medicines at least every other day. (Tr. 45, 46). Moreover, he refuses to take all of his medicine because it does not relieve his pain for very long and he fears addiction. (Tr. 45, 46). His failure to take all of his medicine is not substantial evidence that his testimony is not credible, i.e., "such relevant evidence as a reasonable man might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citing *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

■ Nor is this "substantial evidence" found in the medical opinions and reports on the record. The plaintiff's treating physician, Dr. Morton Silver, stated on April 6, 1982, that plaintiff was unable to work. (Tr. 136, Ex. 28). Dr. Silver treated the plaintiff from the onset of his injury in 1972, through his original disability in 1974, and up until 1976. He believed that the plaintiff was suffering paravertebral muscle spasms. He also opined that the plaintiff felt pain in his lower back, which radiated into his right leg, and that this pain was incited by any movement. (Tr. 125, Ex. 21). While it is true that Dr. Silver did not treat the plaintiff from 1976 through 1981, he did resume treatment in September, 1981, and has met with the plaintiff approximately twice a month since. (Tr. 136, Ex. 28). Standing alone, Dr. Silver's assertion that the plaintiff is "unable to work" is not binding on the ALJ. *Kirkland v. Weinberger,* 480 F.2d 46, 49 (5th Cir.), *cert. denied,* 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973). But there is ample support for Dr. Silver's conclusion in both the initial and recent series of treatments. *Allen v. Weinberger,* 552 F.2d 781, 784 (7th Cir.1977).

Though Dr. Silver's opinion was not supported by objective clinical findings, it was sufficient to establish a "medically determined" disability. *Rossi v. Califano,* 602 F.2d 55, 58 (3d Cir.1979). Since there was no valid basis for rejecting Dr. Silver's opinion out of hand, there must be contradictory medical evidence before plaintiff's disability benefits can be terminated. *Id.*

**306**

The ALJ placed great emphasis on a report by Dr. Ira Schwartz, who conducted an orthopedic examination of the plaintiff in May, 1981. (Tr. 13). Dr. Schwartz did find that the plaintiff was impaired when lifting, bending, or walking for prolonged periods. He noted extreme pain when the plaintiff walked heel to toe or performed motion tests involving any back movements. Moreover, he found "localized moderate to severe tenderness over the lumbosacral spine with accompanying paraspinal muscle spasms." (Ex. 20, Tr. 122, 121). Finally, Dr. Schwartz diagnosed the plaintiff as suffering from "distinct low back syndrome with sciatica on the right and evidence of radicular irritation on that right side." (Ex. 20, Tr. 122). This "low back syndrome" is the same diagnosis which led to approval of the plaintiff's original disability claim. (Tr. 14).

While this report does not state that the plaintiff is disabled, neither does it contradict Dr. Silver's opinion. Where medical evidence does not contradict other medical findings of disability, it should not be used to discount the disability findings. *Greene v. Weinberger,* 391 F.Supp. 632, 637 (E.D. Pa.1975). Where there is any doubt, the opinion of Dr. Silver, the plaintiff's treating physician, should be given greater weight than that of Dr. Schwartz, who examined the plaintiff only once. *Jones v. Harris,* 497 F.Supp. 161, 168 (E.D.Pa.1980).

An independent review of the evidence in this case compels the conclusion that there is no substantial evidence to support a finding that the plaintiff's disability has ceased. Accordingly, the decision of the Secretary is reversed, and the Secretary is ordered to resume plaintiff's disability payments, retroactive to the beginning of August, 1981.