**Anton KARTJE, Plaintiff-Appellant,**

**v.**

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellee.**

**No. 15008.**

United States Court of Appeals
Seventh Circuit.

April 13, 1966.

SCHNACKENBERG, Circuit Judge.

Anton Kartje, plaintiff, pursuant to § 205(g) of the Social Security Act, 42 U. S.C.A. § 405(g), as amended, appeals from an order for summary judgment of the district court, affirming a final decision of the Secretary of Health, Education and Welfare, herein called "Secretary".

Plaintiff filed an application to establish a period of disability under § 216(i) of the Act, 42 U.S.C.A. § 416(i), and for disability insurance benefits under § 223 (a) (1) thereof, ibid. § 423(a) (1). His application was denied. Thereupon, plaintiff exhausted his administrative remedies but the aforesaid decision became the "final decision" of the Secretary.

Recovery under the applicable statutes required that plaintiff prove a "disability" under § 223(c) (2) of the Act, 42 U.S.C.A. § 423(c) (2), which provided:

> The term "disability" means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required.

The medical evidence relative to plaintiff's alleged disability consisted of medical reports and letters from various doctors and two certificates from one medical clinic. None of the doctors testified orally at the hearing before the examiner.

Dr. R. A. Fisher, the only physician to treat plaintiff during the period preceding September 30, 1956,[1] found "no disability from work". Dr. Olimpo Galindo, who first examined plaintiff in July, 1957, reported that plaintiff could "not

Anton Kartje, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Gilbert Drucker, Asst. U. S. Attys., Chicago, Ill., for appellee, Lawrence Jay Weiner, Arthur D. Rissman, Asst. U. S. Attys., of counsel.

Before DUFFY, SCHNACKENBERG and KILEY, Circuit Judges.

---

1. The Secretary asserts that plaintiff was required to prove that he was "disabled" on or before this date. The examiner found that this was the date plaintiff last met the earnings requirements of the Act. Also, the Secretary pointed out that plaintiff took issue with this date for the first time in the amended complaint, and that, since said complaint indicates no dispute with respect to entries on plaintiff's earnings record, plaintiff cannot contend that he was insured after September 30, 1956.

perform any heavy or strenuous work". Dr. Harold A. Sofield wrote that, although he felt plaintiff had "a real problem" in 1963, he "could not give a definite date" on which this problem arose. The remaining medical evidence consisted of two "certificates of out patient care" submitted by Northwestern University Medical School Clinic and reports or letters from Doctors T. F. Zmigrodski, John B. Cavenagh, Oscar Sugar and John A. Weidemann, none of which referred to plaintiff's condition on or before September 30, 1956.

In addition to the aforesaid medical evidence, plaintiff testified before the examiner that he had undergone four years of technical training at the Illinois Institute of Technology, and that his work history was varied. Among the jobs he had held were the following: tailor, real estate salesman, milkman, independent milk dealer, delicatessen operator, tool designer, cab driver and tool grinder.

All of this medical evidence and work history was considered by the examiner, who found, in part:

"* * * Dr. Fisher made no objective or subjective findings in 1957. Dr. Galindo found moderate arthritis; no edema or dyspnea, cardiac or respiratory pathology was noted; he restricted the claimant to no heavy or strenuous work. All other medical reports are dated six (6) or seven (7) years after the expiration of the claimant's earnings requirements and the doctors stated the obvious—they had no opinion of the claimant's condition in 1956.

"* * * there is insufficient evidence to prove that a physical condition existed of such severity on or before September 30, 1956, when the claimant last met the earnings requirements of the Social Security Act, so as to render him incapable of engaging in some type of substantial gainful activity, such as real estate salesman or delicatessen operator."

[1] Section 205(g) of the Act, 42 U. S.C.A. § 405(g), defines the limits of judicial review by providing, *inter alia*, that the "* * * findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * *." Moreover, this court, in Moon v. Celebrezze, 340 F.2d 926, 928 (1965), has recognized plaintiff's burden on judicial review:

"* * * an applicant [plaintiff] must show an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or be of long-continued and indefinite duration. Degner v. Celebrezze, 317 F. 2d 819 (7th Cir. 1963). * * *"

We hold that there is substantial evidence in the record to support the Secretary's findings, and that plaintiff has failed to show that he is entitled to disability benefits under the Act.

The summary judgment order of the district court is affirmed.

Order affirmed.