**Thelma S. WORKMAN, Plaintiff-Appellant,**

v.

**Anthony J. CELEBREZZE,[1] Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 15250.**

United States Court of Appeals Seventh Circuit.

May 5, 1966.

Ray Moss, Clinton, Ill., for appellant.

David L. Rose, Atty., Dept. of Justice, Washington, D. C., Leon G. Scroggins, Asst. U. S. Atty., Springfield, Ill., John W. Douglas, Asst. Atty. Gen., Richard E. Eagleton, U. S. Atty., for appellee.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff appeals from the district court's grant of summary judgment in

---

1. This action was commenced against Secretary Anthony J. Celebrezze, and the district court entered judgment in his favor; subsequently, Mr. John W. Gard- ner succeeded Mr. Celebrezze, and became a party to this action under 42 U.S.C. § 405(g).

the Secretary's favor, and the court's refusal to set aside his determination which denied plaintiff's application for disability benefits under the Social Security Act.[2] We affirm.

The application, filed October 12, 1960, was denied by the Bureau of Old-Age and Survivors Insurance, and the denial was affirmed by the Reconsideration Branch. Plaintiff requested and was granted a hearing. The hearing examiner reviewed the evidence and decided that plaintiff was not entitled to the benefits since she was not "disabled" within the meaning of the Act at any time within the effective life of her application.[3] The Appeals Council denied review, the examiner's decision became final, and plaintiff brought this suit.

Plaintiff, a forty-nine year old married woman with no children at the time of application, was educated through high school and had two years of business school which she testified was of little value. She contracted poliomyelitis at age six. She worked first, in 1935, in a garment factory as seamstress and sewing machine operator, and she had followed that vocation for the most part (about eight years were spent as a cook) until July, 1960. At that time she was laid off because of dermatitis of her hands, which began a month earlier. Dermatitis, or acute allergic inflammation of the skin, was caused by coming in contact with certain foreign fabrics which she had to handle while operating her sewing machine. She returned to work in November, 1960, but because of the dermatitis she could not continue the work. The dermatitis continued until March, 1961.[4] In her application she claimed disability because of the effect of the poliomyelitis in her hips and legs, and industrial dermatitis.

The legal effect of the hearing officer's determination is that plaintiff did not meet her burden of establishing her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or to be of long-continued and indefinite duration * * *," 42 U.S.C. §§ 416(i), 423 defining "disability." See Moon v. Celebrezze, 340 F.2d 926, 928 (7th Cir. 1965). Under the Act as it was then,[5] the disability must have existed when the application was made on October 12, 1960, or within three months thereafter.

The only question before us, as it was for the district court, is whether there is substantial evidence in the record to support the examiner's determination; if so, the determination is conclusive. 42 U.S.C. § 405(g); Kartje v. Secretary of Health, Education and Welfare, 359 F. 2d 762, 764 (7th Cir. 1966); Moon v.

2. The district court is empowered to review final decisions of the Secretary by § 205(g) of the Act, 42 U.S.C. § 405(g), which provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

3. Plaintiff sought to establish a "period of disability" under § 216(i) of the Act, 42 U.S.C. § 416(i), which would mean in this case the period from June 21, 1960 (alleged "day the disability began"), to January 12, 1961; plaintiff sought disability insurance benefits under § 223 of the Act, 42 U.S.C. § 423. The applicant must show a "disability" as defined in these sections, i. e., "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of

long-continued and indefinite duration * * *."

4. Plaintiff testified she had another outbreak of dermatitis in November of 1961, when she made two wool dresses at home.

5. As appellee notes, section 328 of the 1965 amendments to the Act, 79 Stat. 286, 400–401, extends the effective date of an application up to the date of the final administrative decision, and this amendment is applicable to applications pending judicial review. But a remand in this case for consideration of the plaintiff's condition after January 12, 1961 (the end of the effective life of her first application), is unnecessary, as plaintiff has filed a new application covering this time period and an administrative decision has been made (finding her disabled in December, 1964), which is subject to further administrative and judicial review.

Celebrezze, 340 F.2d at 930. The district court found that there was substantial support in the evidence for the examiner's findings, and that plaintiff had not sustained her burden of proof.

The examiner found that in the period here involved, plaintiff had dermatitis from sensitivity to certain dress material, a residual partial paralysis of the lower extremities from the poliomyelitis, and a mild degree of hypertension; that there was no medical testimony to support her claim of impairment of her hips; that her "response" to treatment for hypertension had been good if she followed her doctor's advice to take her medicine; and that she admitted she was fifty pounds overweight and that reducing her weight by dieting would benefit the condition of hypertension and improve the use of her legs. He further found that plaintiff did have a severe impairment from the poliomyelitis, which she had caused "to become worse" because she failed for a "long period of years" to wear corrective shoes or braces, and that the impairment could have been "relieved * * * to some extent" by weight reduction and possibly by suggested corrective surgery; and that the remedy for the dermatitis is avoidance of the affecting fabric. He found that plaintiff applied for other employment at "one factory" and was rejected because of her age, not any physical impairment; and that refusal of a restaurant to hire her was most likely due to the dermatitis.

Plaintiff and a neighbor gave oral testimony before the examiner, and the record contains written reports of four doctors who had examined plaintiff. We have read the reports, and while we sympathize, as the examiner did, with plaintiff, we must say there is substantial support in the record for the detailed findings and ultimate findings and conclusion of the examiner. There is nothing that compelled a finding that plaintiff had a "medically determinable" impairment that prevented her engaging in a substantially gainful occupation. There is no "overwhelming evidence to the contrary," as the Fourth Circuit found in Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964), where the court of appeals affirmed the district court's determination. The Secretary there had determined that plaintiff was capable of returning to her old job and the district court had reversed that determination as without substantial evidentiary support.

At the hearing the examiner noted the fact that Thelma Workman must have had considerable finger dexterity, and plaintiff testified she could perform certain sedentary jobs mentioned by the examiner. It was argued by plaintiff that even if some of the occupations mentioned by the examiner could be performed by her, no such work is available in the community where she resides. Plaintiff also argues here that it is "unreasonable to assume that any employer is going to hire" anyone in her condition.

But the three jobs suggested by the examiner are only a small portion, as he stated in his report, of the "literally hundreds of other such sedentary bench jobs which require little or no education, training or experience," and which are fully described in the "Dictionary of Occupational Titles" published by the U. S. Department of Labor. And we think there is no medical evidence that plaintiff could not perform sedentary work in the time period here at issue. The examiner thought there was no merit to the argument with respect to the availability of work in plaintiff's community, if it has a bearing on the issue, because almost all the employment plaintiff has had, and which is the basis of her application, was not in her community of Weldon, Illinois (population 450), but at Clinton, twelve miles away, and Decatur, twenty-seven miles away. The examiner noted that there were sedentary bench jobs at Bloomington, thirty miles away. The conclusion is warranted that she could have obtained a substantial gainful activity which she could perform.

There is no support in the record for a fear that plaintiff is necessarily reduced to selling pencils or apples on the street corner, as her counsel suggests. As we have pointed out in footnote 5, the Secre-

tary found she had become disabled in December, 1964, and is entitled to receive benefits accordingly.

We think the district court did not err in refusing to set aside the Secretary's determination.

Affirmed.