Dora PAYTON, Plaintiff,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.

No. 70–C–130.

United States District Court,
E. D. Wisconsin.

Nov. 20, 1970.

---

Timothy P. Garrity of Milwaukee Legal Services, Milwaukee, Wis., for plaintiff.

Joseph Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for summary judgment contending that the complaint raises no genuine issues of material fact and that it must be dismissed as a matter of law. The plaintiff's action is brought pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The defendant determined administratively that Mrs. Payton was not entitled to widow's insurance benefits as a "disabled widow" under § 202(e) of the act. In her original application to the Social Security Administration, she contended that she was unable to work commencing in 1945, at age 28, because of various physical ailments. A finding favorable to Mrs. Payton was made after a hearing before a hearing examiner of the bureau of hearings and appeals of the Social Security Administration. However, on its own motion, the appeals council of the bureau of hearings and appeals reviewed the latter decision and reached a contrary conclusion, finding that she was not under a disability within the meaning of the act.

The complaint alleges that the findings of fact and conclusions of the appeals council were erroneous, and also that they were reached in a manner which violated her constitutional right to due process in that the findings and conclusions of the appeals council "were based upon medical testimony submitted directly to the appeals council without opportunity for confrontation or cross-examination by plaintiff, * * *."

The plaintiff's main contention in support of her belief that the appeals council erred in its findings and conclusions is based upon her argument that the appeals council evaluated her disability on a standard that was "objective and clinical" and ignored other types of evidence, such as her subjective evidence of pain and disability, her educational background, and her work history. She contends that it was error for the defendant to have determined an absence of disability using only "precise categories" of "objective, clinical and laboratory evidence". Thus, the plaintiff urges that the appeal council ignored her uncontroverted testimony that she continually suffered excruciating pain, which was so intense as to be disabling.

For purposes of determining disability under § 202(e), § 223(d) of 42 U.S.C. § 423(d) (2) provides that:

> "(B) A widow * * * shall not be determined to be under a disability (for purposes of Section 402(e) * * *) unless * * * her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude any individual from engaging in any gainful activity."

While severe pain may be disabling, it is a contention which is unfortunately often subjective. The statute quoted above does not require the defendant to find disability unless it reaches a level of severity which his regulations deem to be sufficient to preclude one from engaging in any gainful activity.

The burden is upon the plaintiff to prove that she qualifies for insurance benefits as a widow "under a disability". Kartje v. Secretary of H.E.W., 359 F.2d 762, 763 (7th Cir. 1966); Jones v. Celebrezze, 331 F.2d 226, 228 (7th Cir. 1964). There is ample evidence to support the secretary's conclusions and upon this review, the court may not reverse the secretary where there is a basis in fact for his conclusions. Degner v. Celebrezze, 317 F.2d 819, 821 (7th Cir. 1963).

A final issue for the court's determination is whether paragraph VI, D of the complaint asserts a valid cause of action in terms of the plaintiff's constitutional right to due process. She charges that medical testimony was submitted to the appeals council, and that

she did not have an opportunity to confront the witness or cross-examine him.

In my opinion, the record contradicts the plaintiff's assertion that her due process rights were neglected in this case. The record discloses that on April 1, 1969, the appeals council addressed a letter to Mrs. Payton, advising her of the impending review of the hearing examiner's decision, and that arrangements were being made for an additional medical examination of her. The letter went on to state as follows:

"If you have any evidence not previously applied, or wish to make a further written statement as to the facts and law in your case, you may submit either or both by mail to the Appeals Council within 20 days from the date of this letter, or inform us within that time when it may be expected.

"If you desire, you may appear in person before the Appeals Council in Arlington, Virginia, for an oral presentation of your case. If you prefer, you may have someone represent you and appear, either with you or alone, for this purpose. If you and/or your representative want to appear, please inform us within 20 days from the date of this letter, and you will be sent a notice of the time and place of such appearance. You need not write to us if you do not want an appearance or if you do not want to submit anything additional."

I believe that the foregoing adequately preserved Mrs. Payton's right to procedural due process, and that she cannot now complain of constitutional error stemming from her failure to be present or represented at the hearing before the appeals council.

Now, therefore, it is ordered that the defendant's motion to dismiss be and hereby is granted.

It is further ordered that the plaintiff's action be and hereby is dismissed.