**Fannie Mae JERALDS, Plaintiff-Appellant,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 18567.**

United States Court of Appeals, Seventh Circuit.

June 21, 1971.

37

Lou Ann Dorothy House, Gary J. Kolb, ·Legal Assistance Foundation of S. Ill., Inc. Marion, Ill., for plaintiff-appellant.

Henry A. Schwarz, U. S. Atty., East St. Louis, Ill., William D. Ruckelshaus, Asst. Atty. Gen., Kathryn H. Baldwin, Raymond D. Battocchi, Attys., Civil Division, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before FAIRCHILD and STEVENS, Circuit Judges, and GRANT, District Judge.*

GRANT, District Judge.

Plaintiff appeals from the District Court's grant of summary judgment in the Secretary's favor, and the court's refusal to set aside his determination which denied Plaintiff's application for disability benefits under the Social Security Act.[1] We affirm.

The application, filed January 17, 1968, was denied by the Social Security Administration, Bureau of Old Age and Survivors Insurance, and the denial was affirmed by the Reconsideration Branch. Plaintiff requested and was granted a hearing. The hearing examiner reviewed the evidence and decided that Plaintiff was not entitled to the benefits since she was not "disabled" within the meaning of the Act at any time on or before September 30, 1961, the date her insured status expired.[2]

Plaintiff, a 43-year-old female with a fifth grade education, terminated employment in 1958 claiming at the time that the effects of a broken back suffered the same year rendered her unable to continue work in an automotive trim shop. She first applied for disability benefits in 1968, stating that the injury to her back and a lung condition prevented her from securing employment.

The record indicates that Plaintiff was examined, treated and hospitalized for both conditions as well as for other non-related medical problems intermittently from 1951 through 1968.

■■ The Act requires a claimant to establish his inability to engage in substantial gainful activity. Jones v. Celebrezze, 331 F.2d 226 (C.A. 7, 1964). The claimant's burden is no greater than 862 (D.C.Mo., 1966), aff'd, 374 F.2d 9 proof by a preponderance of the evidence. Whaley v. Gardner, 255 F.Supp. (8 Cir.) Further, the claimant must show that the disability existed prior to the expiration of his insured status, i. e., by September 30, 1961, in the instant case. Workman v. Celebrezze, 360 F.2d 877 (C.A. 7, 1966).

■ The principal question before us, as it was for the District Court, is whether there was substantial evidence in the record to support the examiner's determination of non-eligibility; if so, the determination is conclusive. 42 U. S.C. § 405(g); Kartje v. Secretary of Health, Education and Welfare, 359 F. 2d 762 (C.A. 7, 1966). The District Court found that there was substantial support in the evidence for the examiner's findings and conclusions, and that Plaintiff had not sustained her burden of proof.

■ Having reviewed the record, we are of the same mind as the District Court. The medical evidence adduced at the Plaintiff's 1968 hearing clearly indicated that she suffered from a debilitating respiratory condition at the time, and that her 1958 back injury had been a severe handicap. However, no show-

---

* Judge Grant sitting by designation.

1. The District Court is empowered to review final decisions of the Secretary by § 205(g) of the Act, 42 U.S.C. § 405 (g), which provides that, "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. * * *"

2. Under the Act, an applicant is required to show a "disability" which is defined as, "inability to engage in any substantial gainful activity by reason of any medical-

ly determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months". 42 U.S.C. 423(d) (1) (A). A "physical or mental impairment" is defined as " * * * an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques". 42 U.S.C. 423(d) (3).

ing was made on the basis of the testimony and medical documents *supported by clinical and laboratory diagnosis* that these conditions rendered Plaintiff disabled as of September 30, 1961, the date her eligibility for disability benefits terminated. The law requires that a claimant demonstrate his disability within the prescribed period of eligibility, not prior to nor subsequent to the dates in question. *Workman, supra.*

 Plaintiff's collateral attacks upon the administrative proceedings do not raise issues sufficient to remand her case. The record's failure to reflect certain notes of a treating physician's 1967 examination are countered by the inclusion of the same doctor's report of a subsequent examination several months later. The mistaken inclusion of a nearly illegible medical report regarding a claimant other than Plaintiff cannot of itself be held prejudicial. Although the hearing examiner's reliance upon Plaintiff's having adopted a child in 1959, shortly after the alleged disability, as militating against a finding of disability may be in error, the examiner's ultimate decision is based on other more probative evidence.

 Plaintiff's due process argument must also fail. She challenges the fairness of the Secretary's hearing on the basis that her lack of legal counsel prevented the presentation of facts more favorable to her claim. The record indicates that Plaintiff was advised in writing that she could be represented. Nothing in the transcript of the hearing would indicate that Plaintiff was not alert, responsive, and fully competent to present her facts. Although the Act permits legal representation at a social security disability benefit evidentiary hearing, the Secretary is not compelled to provide counsel. 42 U.S.C.A. § 406; Granger v. Finch, 425 F.2d 206 (C.A.7, 1970). Plaintiff fails to show "clear prejudice or unfairness", and, absent such a showing, the lack of counsel is insufficient to justify a remand. Domozik v. Cohen, 413 F.2d 5, 9 (C.A.3, 1969). To simply speculate on the value of

further medical testimony which legal counsel might have presented is not persuasive on the issue of lack of due process. *Granger, supra.*

Accordingly, we affirm the decision of the District Court.