Vito A. LONZOLLO, Plaintiff,

v.

Casper WEINBERGER, in his capacity as Secretary of the Department of Health, Education and Welfare, Defendant.

No. 73 C 3033.

United States District Court,
N. D. Illinois, E. D.

Dec. 11, 1974.

Frederick J. Daley, Jr., Cook County Legal Asst. Foundation, Inc., Brookfield, Ill., for plaintiff.

James R. Thompson, U. S. Atty., Chicago, Ill., for defendant.

## ORDER

McMILLEN, District Judge.

This case comes on to be heard on the Report and Recommendation filed by Magistrate James T. Balog, and the plaintiff's exceptions to that report. The case originated with the plaintiff's complaint seeking a review and reversal of a decision. Jurisdiction of this court is founded on 42 U.S.C. § 405(g). The case was originally assigned to the Magistrate pursuant to local rule.

Our function is to determine whether the decision of the Appeals Council dated October 1, 1973 is supported by substantial evidence and, in this particular case, to determine whether the recommendation of the Magistrate is correct in recommending dismissal of the complaint. His report in itself will be given no independent force or effect.

The decision of the Appeals Council reversed the decision of an administrative law judge who had decided on January 26, 1973 that the plaintiff was disabled due to a bad right kidney and severe leg pains, which prevented him from standing. The Appeals Council reviewed the administrative law judge's decision on its own motion and considered an additional medical report from Dr. James W. Erlenborn dated June 4, 1973. The Appeals Council notified the plaintiff by letter that it had received this additional information and intended to consider it, specifically giving the plaintiff "the opportunity to comment upon it if you wish".

The plaintiff did comment by a letter dated July 8, 1973 but did not submit any additional medical evidence. He now contends that he was deprived of the right to be confronted by Dr. Erlenborn and to cross-examine him, and was not adequately informed of his right to obtain counsel or to file legal briefs. He also contends that he was deprived of due process because the hearing was held 1,000 miles away from his home and that the Appeals Council did not accept three affidavits which would have allegedly contradicted Dr. Erlenborn's report. Finally, he contends that the Appeals Council's finding is not supported by substantial evidence and is contrary to the law.

■■ The lack of representation by counsel for an administrative proceeding is not grounds for setting aside the decision of the Appeals Council, since no prejudice is shown. Sykes v. Finch, 443 F.2d 192 (7th Cir. 1971). Furthermore the plaintiff was given written notice of the Appeals Council's decision to review the matter by its letter dated March 22, 1973 which explicitly offered him the opportunity to engage counsel, to appear in person, and to submit any further

written evidence or statement. The Federal defendant is not compelled to provide counsel for a claimant. Jeralds v. Richardson, 445 F.2d 36 (7th Cir. 1971); 42 U.S.C. § 406.

█ The plaintiff did have the right to subpoena and cross-examine Dr. Erlenborn. 20 C.F.R. § 404.926. He did not avail himself of this opportunity nor did he file a brief as he was entitled to do under 20 C.F.R. § 404.948. So long as the Secretary of Health, Education and Welfare establishes reasonable and fair rules of procedure, he satisfies the requirements of due process, Richardson v. Perales, 402 U.S. 389 at 400–401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

██ The plaintiff submitted three affidavits to the Appeals Council before he was notified of Dr. Erlenborn's report, but they were rejected. These affidavits were apparently from physicians who had treated the plaintiff when he was in the Army prior to 1953, but they are not in the certified record. The Appeals Council already had medical reports from the Army at the time of the plaintiff's discharge in 1953 and had three more recent reports concerning his foot problems. Therefore we find and conclude that the refusal to accept the additional but ancient medical evidence tendered by the plaintiff was not an abuse of discretion, and that reliance on the written medical reports in the record can constitute substantial evidence. Richardson v. Perales, supra, p. 894.

█ Nor was the fact that the hearing was held in Arlington, Virginia rather than in Chicago, Illinois a violation of the plaintiff's constitutional rights. The Social Security Administration cannot be expected to hold hearings in every city, town or cross-road where a dissatisfied claimant happens to live. The plaintiff had the right to engage a representative in Arlington, Virginia, and also had the right to file any relevant documents for consideration by the Appeals Council. As a practical matter, this seems to us to be a reasonable requirement and well within the holding of Richardson v. Perales, supra, p. 894. No doubt it would have been more convenient for the plaintiff to have a hearing in Chicago, and he did obtain his review here, with the assistance of competent counsel.

█ The remainder of the plaintiff's claim relates to the substantiality of the evidence supporting the decision of the Appeals Council. Although the Council reached a conclusion different from that of the administrative law judge, it does not follow from this that its decision is not properly supported by the evidence. It is not our function to decide which of the two administrative tribunals (now joined by a third in the person of the Magistrate) was correct in its decision but merely whether the decision is supported in accordance with the law. We have examined the recommendations of the Magistrate on this point, beginning on p. 5 of his Report dated August 19, 1974 and find that they are correct, if Dr. Erlenborn's report was properly received and if the plaintiff's three affidavits were properly rejected. Since we have found against the plaintiff on both of these latter points, we also find and conclude that the Report of the Appeals Council was supported by substantial evidence and is in accordance with the law. The plaintiff did not carry his burden of showing that he is unable to do "substantial gainful work which exists in the national economy." Workman v. Celebrezze, 360 F.2d 877 (7th Cir. 1966); 42 U.S.C. § 423(d)(2)(A).

It is therefore ordered, adjudged and decreed that the decision of the Appeals Council of the Social Security Administration is affirmed and the complaint is dismissed.