Elena QUILES, Plaintiff,

v.

Joseph CALIFANO, Secretary of Health, Education and Welfare, Defendant.

No. 77-C-798.

United States District Court, E. D. Wisconsin.

Nov. 6, 1978.

Campbell & Sturm by Mary Jo Schiavoni and James R. Sturm, Milwaukee, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty. by James M. Fergal, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action for judicial review of a final decision of the defendant Secretary of the Department of Health, Education and Welfare denying the plaintiff's application for the establishment of a period of disability under § 216(i) of the Social Security Act, 42 U.S.C. § 416(i), and for disability insurance benefits, as provided by § 223 of the Act, 42 U.S.C. § 423.

The plaintiff filed an application for a period of disability and disability insurance benefits on August 9, 1976, alleging that she became unable to work on April 18, 1974, at age 50. On November 1, 1976, the application was denied following evaluation of the evidence by a physician and a disability examiner. On December 13, 1976, this denial was affirmed by the bureau of disability insurance of the social security administration. On April 27, 1977, the plaintiff and an interpreter appeared before an administrative law judge [ALJ] for *de novo* review of her application. On July 29, 1977, the ALJ found that the plaintiff was not under a disability. When the appeals council approved this decision on October 22, 1977, it became the final decision of the Secretary of Health, Education and Welfare.

This case is presently before me on cross motions for summary judgment. The plaintiff seeks to overturn the decision of the Secretary or, in the alternative, remand to the ALJ for a rehearing. For the reasons which follow, the plaintiff's motion will be granted insofar as it requests remand of the case to the ALJ for a rehearing.

██ In order to establish qualification for a period of disability and for disability benefits pursuant to sections 216(i) and 223 of the Social Security Act, a claimant must show an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which could be expected to result in death or which has lasted or could be expected to last for a continuous period of not less than twelve months. *Workman v. Celebrezze*, 360 F.2d 877 (7th Cir. 1966).

In the case at bar, the ALJ made the following factual findings, which are conclusive if supported by "substantial evidence." 42 U.S.C. § 405(g). The plaintiff, Elena Quiles, is a 50 year old native of Puerto Rico, with four years of schooling. While she is able to read and write in Spanish, she has never learned to read or write English, and she can speak or understand it only minimally. From her arrival in Milwaukee in the early 1950's, Mrs. Quiles has worked fairly steadily as a production worker in a toy factory, a shoe factory, and a clothing manufacturing plant. Her last employment was performed in a standing position, and it involved bending, reaching, lifting, and carrying.

Mrs. Quiles left work April 18, 1974, because of her asthma, which appeared to be worsening. Her doctor advised her to take a month off from work and spend it in a warmer climate; when she advised her employer of this, her services were terminated. She has remained unemployed since that time.

The medical evidence and the ALJ's findings in the record substantiate the plaintiff's claim of chronic bronchial asthma, with periodic attacks which are "very severe in intensity." (Tr. 10). There is also evidence in the record that the plaintiff suffers from hypertension, a nervous condition, dizziness, and hiatus hernia. The relevant inquiry is whether these medically documented impairments disable the plaintiff from engaging in "any substantial gainful activity."

Of the several doctors who examined Mrs. Quiles, only one expressed an opinion that can be found in the record on the question of whether the plaintiff's impairments are substantial enough to prevent her employment. In a note dated December 27, 1974, Dr. Dundon wrote to the social security administration that "Mrs. Quiles is disabled from work because [of] allergic

asthma and hypertension." Aside from other medical reports which do not contain express opinions on the issue of the plaintiff's ability to work, the only other evidence on this issue is Mrs. Quiles' testimony at the hearing before the ALJ in which she described her work and her inability to continue it.

Based on that hearing and the record before him, the ALJ made the following finding:

"Considering the combination of claimant's physical and mental impairments in the light of her age, education and work experience, it is concluded that during the relevant period she has retained functional capacity for her customary work as a factory production helper involving light to moderate physical exertion."

■ Since the only expert opinion directed to the pivotal issue of whether the plaintiff's impairments are serious enough to preclude her employment supports the position of the plaintiff, it is apparent that the ALJ's ultimate finding against the plaintiff must have turned largely on his analysis of Mrs. Quiles' hearing testimony. Yet there are several indications that this testimony was not developed adequately at the hearing.

As has been previously noted, Mrs. Quiles' understanding and ability to speak English is minimal. Despite the presence of an interpreter at the hearing, the ALJ stated in his opinion:

"Claimant's testimony was elicited with considerable difficulty, and with lack of completeness through an interpreter." (Tr. 7).

Moreover, the plaintiff was not represented by counsel at her hearing. In *Gold v. Secretary of Health, Education, and Welfare*, 463 F.2d 38, 43 (2d Cir. 1972), the court stated:

". . . in a case in which the claimant is handicapped by lack of counsel, ill health, and inability to speak English well, the courts have a duty to make a 'searching investigation' of the record. *Miracle v. Celebrezze*, 351 F.2d 361, 382–383 (6th Cir. 1965)."

42 U.S.C. § 405(g) provides that "[t]he court . . . may, at any time, on good cause shown, order additional evidence to be taken before the secretary, and the secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both . . . ."

The testimony of Mrs. Quiles was necessarily an important element underlying the ALJ's findings. Since by the ALJ's own statement this testimony was not developed completely, and since the plaintiff may now have additional medical evidence to present, I believe that good cause exists to remand this proceeding for a rehearing.

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is granted insofar as it requests that this action be remanded.

IT IS ALSO ORDERED that the defendant's motion for summary judgment be and hereby is denied.