James **LASSITER**, Plaintiff,

v.

Joseph **CALIFANO**, Secretary of Health, Education & Welfare, Defendant.

Civ. A. No. 78–C–274.

United States District Court,
E. D. Wisconsin.

Sept. 24, 1979.

Duane L. Arena, Racine, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty. by James M. Fergal, Asst. U. S. Atty., Milwaukee, Wis., Marvin E. Gavin, Steven J. Plotkin, Dept. of Health, Education and Welfare, Chicago, Ill., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff, James Lassiter, seeks judicial review of a final decision of defendant Secretary of Health, Education, and Welfare, affirming the denial of plaintiff's application for disability benefits pursuant to §§ 216(i) and 223(a) of the Social Security Act, 42 U.S.C. § 416(i), 42 U.S.C. § 423(a), and for supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq. Defendant has filed a motion for summary judgment seeking affirmance of the Secretary's decision. The Court has jurisdiction over the action pursuant to 42 U.S.C. § 405(g).

The only issue presented on review is whether there is substantial evidence to support the Secretary's determination that plaintiff is not disabled within the meaning of §§ 223(d) and 1611(a) of the Act, 42 U.S.C. § 423(d), 42 U.S.C. § 1382(a). Section 423(d) of 42 U.S.C. defines disability for purposes of determining eligibility for disability insurance benefits as follows:

"(d)(1) The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *

* * * * * *

"(2) For purposes of paragraph (1)(A)—

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * * * *"

Section 1611(a) of the Act defines disability for purposes of determining eligibility for supplemental security income benefits in an almost identical manner.

The facts of the instant case are as follows. Plaintiff is a 47 year old male with a fourth grade education. Until 1976 he was employed as a die-caster in Racine. In October of 1974, plaintiff injured his lower back in an industrial accident. He soon returned to work but continued to complain of lower back pains. In September of 1975, he underwent a myelogram which revealed a herniated disc. (Ex. 31) In October of 1975, plaintiff underwent an operation to remove the disc and in January of 1976 was judged fit to return to work by his treating physician. (Ex. 35) Plaintiff did return to work in early 1976 and worked until at least June of that year, earning $3,680.23. (Ex. 13)

On June 15, 1976, plaintiff again experienced lower back pain and was hospitalized. The diagnosis was inconclusive and he was released on June 19, 1976. (Ex. 37) He apparently returned to his job and worked until July 23, 1976, when he went on vacation. This was the last day plaintiff was gainfully employed. (Ex. 47)

On July 28, 1976, plaintiff was hospitalized following several epileptic-like seizures. Plaintiff had a past history of seizures. The seizures were controlled and plaintiff was placed on dilantin and phenobarbital in order to prevent future occurrences. (Exs. 36, 37) Plaintiff was discharged on July 30, 1976, with a diagnosis of "seizure disorder." (Ex. 36)

Plaintiff's last reported hospitalization was on September 3, 1976, for dilantin intoxication. Apparently plaintiff had overdosed himself with the medicine that had been prescribed to control his seizures. On September 11, 1976, he was discharged with instructions to limit himself to the prescribed dosage. (Exs. 38, 39)

Plaintiff made his most recent application for disability benefits and supplemental security income on August 10, 1976. (Ex. 7) The applications were denied on the ground that plaintiff was not permanently disabled.

(Exs. 19, 20) On September 15, 1977, following an unsuccessful request for reconsideration, an administrative hearing was held on the issue of plaintiff's disability. Plaintiff was represented by counsel at the hearing. Relevant for the purposes of the Court is the evidence that was received on the issue of plaintiff's disability.

In a statement dated May 9, 1977, Dr. Jose Kanshepolsky, plaintiff's treating physician, reported that plaintiff was "totally disabled because of recurrent back pain and his seizure disorder." Dr. Kanshepolsky further stated that the "[p]rognosis remains extremely guarded as far as performing any type of work is concerned." (Ex. 40) Dr. Kanshepolsky apparently later modified this conclusion to some extent, for in a report dated November 7, 1977, he states that the "patient is disabled for work involving use of his extremities for heavy lifting." (Ex. 49) Also in the November 7 report, Dr. Kanshepolsky expressed the opinion that plaintiff could not walk or stand for more than two hours during any eight-hour work day.

Plaintiff was also examined specifically for purposes of the hearing by a Dr. Leo T. Schlenker who is an orthopedic surgeon. In a report dated October 11, 1977, Dr. Schlenker stated that while plaintiff complained of lower back pains, he showed a relative flexibility of movement which seemed to contradict earlier reports. Dr. Schlenker concluded: "With regard to this patient's ability to walk and stand, I believe there is no problem. His squatting ability, however, is limited in that he insists upon holding on to a table when he does squat although he can do so. I would restrict him in lifting definitely to a 40 lb. maximum load and grasping not only because of his postlaminectomy syndrome but because of his questionable idiopathic epilepsy for which he is now taking Dilantin." (Ex. 48)

The only other expert to express an opinion was Mr. Henry M. Lenard, a consulting psychologist to the Division of Vocational Rehabilitation, who testified at the hearing as a vocational expert. Mr. Lenard testified that considering plaintiff's history of

back pains and seizures, as well as his age, education, and experience, it was unlikely that he could obtain employment anywhere in the national economy. (Tr., pp. 73–75) Mr. Lenard also stated that if plaintiff's back improved, he would be able to perform light or sedentary factory work. (Tr., pp. 75–76)

Upon this evidence and the plaintiff's own testimony, the administrative law judge found that plaintiff was capable of performing his old job as a die-caster which involved standing all day and occasionally lifting weights of 18–20 pounds. The administrative law judge also found plaintiff capable of performing a number of light or sedentary work activities such as light bench assembly. Accordingly, plaintiff was denied disability and supplemental security income benefits. These findings became the final decision of the Secretary of Health, Education, and Welfare when affirmed by the Social Security Appeals Council on March 10, 1978.

■ This Court must affirm the decision of the administrative law judge if there is "substantial evidence" to support the determination of noneligibility. 42 U.S.C. § 405(g); *Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971). Substantial evidence has been defined as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Under this test, the Court cannot hold that the administrative law judge's decision was erroneous. While there is evidence in the record that is inconsistent with the administrative law judge's determination, there is also substantial evidence in the record to support it. Both Dr. Kanshepolsky and Dr. Schlenker agreed that plaintiff is capable of lifting the weights required of a die-caster, but there was disagreement as to plaintiff's ability to walk and stand for an eight-hour period. The administrative law judge, however, was free to accept the opinion of Dr. Schlenker and to reject the opinion of Dr.

Kanshepolsky. It is not the function of the reviewing court to resolve conflicts in medical testimony—that is the function of the administrative law judge. *Payne v. Weinberger*, 480 F.2d 1006 (5th Cir. 1973). Dr. Schlenker's medical opinion does constitute substantial evidence of plaintiff's ability to work and as such must be accepted by the Court.

While Mr. Lenard's testimony supports a finding of disability, such testimony was not binding on the administrative law judge. His opinion was premised on plaintiff's having uncontrolled seizures and a recurrent back injury. The record, however, supports a finding that plaintiff's seizures have been controlled through medication and that his back problem is improving. Under these circumstances, even Mr. Lenard admitted that plaintiff was capable of performing a number of industrial work activities. This, of course, corresponds to the administrative law judge's own determination.

■ In short, after reviewing the record as a whole, the Court finds substantial evidence supporting the Secretary's determination of noneligibility. Accordingly, defendant's motion for summary affirmance will be granted.

IT IS THEREFORE ORDERED that the final decision issued in the above-entitled action by defendant Secretary of Health, Education, and Welfare on March 10, 1978, is summarily affirmed pursuant to 42 U.S.C. § 405(g).

IT IS FURTHER ORDERED that the complaint in the above-entitled action is hereby dismissed for cause.