Joan F. Kessler, U. S. Atty. by Bonny A. Lopez, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

---

**Joseph WLCANSKI, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.**

Civ. A. No. 78–C–366.

United States District Court, E. D. Wisconsin.

June 6, 1980.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff Joseph Wlcanski seeks review of a final decision of the defendant Secretary

---

of Health, Education and Welfare ("Secretary"), affirming the denial of plaintiff's application for disability insurance benefits pursuant to 42 U.S.C. §§ 416(i) and 423. The court has jurisdiction over the action pursuant to 42 U.S.C. § 405(g).

Currently before the court is the Government's motion for summary affirmance of the Secretary's denial of benefits. The motion will be granted.

The facts of the instant case are as follows. Plaintiff was born in 1917 and completed eleven years of schooling. He went on to receive vocational training in welding and blueprint reading, and until March 1976 was employed as a drill press operator. Plaintiff also had job experience as a bartender, a welder, and a service officer for the American Legion.

On March 23, 1976, plaintiff filed an application for disability insurance benefits, claiming that he was unable to work due to arthritis. (Ex. 1) On May 14, 1976, his application was denied on the ground that he was not disabled within the meaning of the Social Security Act. (Ex. 2) His motion for reconsideration was denied on the same ground. (Ex. 4) Plaintiff then requested a hearing which was held on April 6, 1977. Plaintiff was represented by counsel at the hearing.

The only two witnesses to appear at the hearing were plaintiff and Dr. Joav Gozali, a vocational expert. Plaintiff testified that he suffered from arthritis and as a result was in almost constant pain. (Tr. 49) He testified that he had recently suffered a slipped disc and was currently experiencing "residual" effects. (Tr. 51) He testified that he was often nervous and had trouble sleeping. (Tr. 52) He stated that he did not wear a back support but at times had used a cane. (Tr. 52) He testified that he was able to walk a half mile without tiring and could lift no more than fifteen pounds. (Tr. 52–53)

Plaintiff further testified that he became uncomfortable when sitting or standing for any period of time and that he experienced pain when he moved his neck. (Tr. 56) He also stated that his shoulder had been in-

jured in a work-related accident and that it continued to bother him. (Tr. 60) Finally, plaintiff testified that he was unable to work at his old job and did not feel that he would be able to perform any other type of work. (Tr. 61–63)

Dr. Gozali testified that if plaintiff suffered from all of the limitations described in his testimony, he would not have the functional capacity to perform his old job or any other type of employment existing in significant numbers in the national economy. (Tr. 67–68) Dr. Gozali further testified that if it were medically determined that plaintiff had the ability to perform sedentary work, there were significant numbers of jobs in the Milwaukee area that plaintiff would be able to perform. (Tr. 68) Dr. Gozali specifically mentioned office jobs, perhaps with an architectural firm. (Tr. 68–70)

Several medical reports were considered by the hearing examiner. Plaintiff's personal physician, Dr. August J. Jurishica, submitted two reports. The first, dated April 16, 1976, stated that plaintiff suffered from osteoarthritis of the left knee, tendinitis of the left shoulder, and benign hypertension. (Ex. 16) The report did not specify the degree of impairment suffered by plaintiff except to state that he retained 80 per cent movement in his left arm. When contacted by a medical consultant for the Social Security Administration, however, Dr. Jurishica reportedly stated that plaintiff was not limited in the motion of his knee and was not restricted in walking, standing, sitting, bending, squatting, or lifting. (Ex. 10) Dr. Jurishica's second report, dated March 28, 1977, stated that plaintiff was being treated for the following illnesses: osteoarthritis, degenerative arthritis, tendinitis, benign hypertension, diarrhea, gout, anemia, triglycerides elevated, insomnia, nervousness, slipped disc, and loss of sensation in the left leg. (Ex. 22) The report goes on to state that "[j]udging from his prognosis, one could consider his disability permanet [sic]."

Plaintiff also submitted brief statements from Dr. R. E. Jacquette, a chiropractor,

and Dr. Chester J. Mroczkowski, a general practitioner. Dr. Jacquette stated that as a result of his condition plaintiff was "incapable of working in his present occupation." (Ex. 23) Dr. Mroczkowski stated that plaintiff was "totally and permanently disabled by generalized Osteoarthritis." (Ex. 26)

Finally, at the behest of the Social Security Administration, plaintiff was examined by Dr. Harry B. Sadoff, an orthopedic surgeon. Dr. Sadoff, in a report dated July 13, 1976, stated that plaintiff suffered from a rotated cuff injury of the left shoulder, rheumatoid arthritis of the left knee, and hypertension. (Ex. 17) Dr. Sadoff found no impairment of plaintiff's motion, although he stated that plaintiff found some movements uncomfortable. He concluded that plaintiff was able to perform light work without difficulty.

The only issue presented on review is whether there is substantial evidence to support the Secretary's determination that plaintiff is not disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(d) defines disability for purposes of determining eligibility for disability insurance benefits as follows:

"(d)(1) The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *

* * * * * *

"(2) For purposes of paragraph (1)(A)—

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or

whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * * * * "

This Court must affirm the decision of the administrative law judge if there is "substantial evidence" to support the determination of noneligibility. 42 U.S.C. § 405(g); *Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1247, 28 L.Ed.2d 842 (1971), citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). Under this standard, the Court cannot hold that the administrative law judge's determination was erroneous.

While there is no doubt that plaintiff suffers from a variety of physical impairments, the seriousness and effect of these impairments is the subject of considerable medical dispute. Dr. Jacquette and Dr. Mroczkowski stated that plaintiff was totally disabled. Dr. Jurishica stated at one point that plaintiff's movements were not restricted, and at another, that plaintiff was totally disabled. Dr. Sadoff stated that while plaintiff's movements were restricted, he was able to perform light or sedentary work.

 The administrative law judge was free to give the greatest weight to the report submitted by Dr. Sadoff. It is not the function of the reviewing court to resolve conflicts in the medical testimony— that is the function of the administrative judge. *Payne v. Weinberger*, 480 F.2d 1006 (5th Cir. 1973). Furthermore, even if this Court were to weigh the competing medical reports, it would not reach a different conclusion than that reached by the administrative report. Dr. Sadoff is a specialist in the field while the others are general practitioners. Dr. Sadoff was an independent physician with no prior relationship with the plaintiff. Dr. Sadoff's report was the most complete and was the only one to give the results of tests performed on the plain-

tiff, thereby providing a basis for his conclusions. The other reports were of the one paragraph variety and did little more than state unsubstantiated conclusions.

Accordingly, the Court finds Dr. Sadoff's report to be credible evidence that plaintiff retained the physical capacity to perform light and sedentary work. Combined with Dr. Gozali's testimony that considering plaintiff's age, education, and work experience, such work existed in significant numbers in the national economy, there was substantial evidence for the hearing examiner's determination that plaintiff was not disabled within the meaning of the Social Security Act.

IT IS THEREFORE ORDERED that the final decision issued in the above-entitled action by defendant Secretary of Health, Education and Welfare is hereby affirmed.