**David M. GARCIA, Plaintiff-Appellant,**
**v.**
**Joseph CALIFANO, Secretary of Health,**
**Education and Welfare,**
**Defendant-Appellee.**

No. 79–1292.

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 25, 1980.

Decided July 3, 1980.

Rehearing Denied Sept 4, 1980.

Anson B. Levitan, Northern New Mexico Legal Services, Inc., Taos, N. M., for plaintiff-appellant.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., R. E. Thompson, U. S. Atty., and Ronald F. Ross, Asst. U. S. Atty., Albuquerque, N. M., and Andrew E. Wakshul, Atty., Dept. of Health, Education and Welfare, Baltimore, Md., for defendant-appellee.

Before HOLLOWAY, McWILLIAMS and BARRETT, Circuit Judges.

PER CURIAM.

David M. Garcia appeals from the judgment of the District Court which affirmed the Secretary's decision denying Garcia's claim for social security disability benefits. Garcia asks this Court to remand the cause to the Secretary for further consideration of his claim.

When Garcia first applied for the disability benefits, he stated his disability as "sciatica arthritis". He also submitted two medical history and disability reports which described his illness as "sciatica arthritis" or "sciatica of the left side". In these reports Garcia explained that he stopped working because of arthritis, pain, cramps and lack of energy. Garcia supported his claim with the report of one Dr. Pogorski, who diagnosed "CNS disorder (with apathy, depression) ?post alcoholic?", among other problems which are not pertinent here. However, Garcia at no stage of the proceedings before the Secretary asserted that depression was a cause of his disability.

After the Secretary denied his claim, Garcia obtained a hearing before an examiner of the Social Security Administration. The Secretary mailed, and Garcia does not contend that he did not receive, a notice of the hearing which stated, *inter alia*, "While it is not required, you may be represented at the hearing by an attorney or other qualified person of your choice. If you wish to be represented by an *attorney* and cannot afford it, your local social security office will provide a list of offices where you may be able to obtain such representation."

Garcia appeared at the hearing and presented his evidence without representation. The hearing examiner did not advise Garcia that he had a right to have an attorney represent him. The reason why Garcia represented himself does not appear in the record.

At the hearing, Garcia stated that his worst problem was his back. The hearing examiner asked Garcia about his back, his earlier drinking problem and his work history. The subject of depression was not raised by anyone. The hearing examiner made no findings on depression in denying Garcia's claim.

On appeal Garcia presents two contentions. First, he argues that he did not receive a fair hearing because the examiner did not advise him of his right to be represented by an attorney. Second, Garcia contends that the hearing examiner should

have inquired about his condition of depression as a cause of his alleged disability.

■ With respect to Garcia's first contention, we hold that the hearing examiner was not required at the hearing to advise Garcia of his right to be represented by an attorney. 42 U.S.C. § 405 delegates power to the Secretary to make rules and regulations and to establish procedures which are consistent with the social security statute and necessary or appropriate to carry out its provisions. Among the provisions of the statute are that a claimant who is dissatisfied with a decision of the Secretary shall receive "reasonable notice and opportunity for a hearing with respect to such decision" (42 U.S.C. § 405) and that a claimant may obtain the services of an attorney in good standing or other agent qualified under the Secretary's regulations to represent him in proceedings before the Secretary (42 U.S.C. § 406). Nothing in the statute requires the Secretary to provide counsel for claimants at the expense of the Social Security Administration. *Muenich v. United States,* 410 F.Supp. 944 (N.D.Ind.1976); *Lonzollo v. Weinberger,* 387 F.Supp. 892 (N.D.Ill.1974), *rev'd. on other grounds,* 534 F.2d 712 (7th Cir. 1976). Whenever a claimant represented by an attorney prevails on his claim, the attorney is entitled to such fee as the Secretary or the court prescribes pursuant to 42 U.S.C. § 406(a) and (b)(1). As to construction and application of the attorney's fee provision following a favorable court judgment for the claimant pursuant to 42 U.S.C. § 406(b)(1), see 22 A.L.R.3d 1081.

The Secretary's regulations are consistent with the statute and they appropriately carry out its provisions. 20 C.F.R. § 404.923 states that "parties shall be informed of their right to representation" in the notice of hearing. Garcia was so informed. 20 C.F.R. § 404.927 provides that "the procedure at the hearing generally, except as these regulations otherwise expressly provide, shall be in the discretion of the presiding officer and of such nature as to afford the parties a reasonable opportunity for a fair hearing." Neither the statute nor the regulations expressly provide that the hearing examiner shall advise the claimant at the hearing of his right to representation by an attorney. Therefore, inasmuch as Garcia was advised of that right in the written notice of hearing, the hearing examiner acted within his discretion in not re-advising Garcia of the right to have representation by counsel. We are aware that one court has held that a hearing examiner in reviewing a claim for disability benefits should make sure that the claimant is aware of the possible sources of free legal services in order to guarantee to a claimant wishing to be represented by counsel at his hearing the representation referred to in 42 U.S.C. § 406; however, that court held that if there is no showing that the claimant's record at the hearing was not fully developed or that there were serious gaps therein which could have been filled if counsel had been present, the hearing examiner's failure to advise the claimant of the accessibility of free legal counsel is not cause for remand. *Brooks v. Califano,* 440 F.Supp. 1341 (D.C. Del.1977), *aff'd. without opinion,* 586 F.2d 834 (3d Cir. 1978).

■ Garcia's second contention is that the hearing examiner should have developed evidence relating to his depression, especially inasmuch as he was not represented by an attorney. We see no merit in this contention. Although a hearing examiner must "inquire fully into the matters at issue" (20 C.F.R. § 404.927), he need not inquire into matters apparently unrelated to the claim. With or without representation, Garcia was responsible for raising the matter of his depression if he relied on it as a basis for the disability claim. Garcia knew that Dr. Pogorski had diagnosed depression, yet Garcia consistently identified the cause of his disability as sciatica arthritis. Garcia did not mention or otherwise refer to depression at the hearing. The disabling depression aspect of Garcia's claim apparently impressed him only after the Secretary decided the sciatica arthritis was not disabling.

■ A claimant who, advised of his right to attorney representation, proceeds on his own, and receives a full and fair hearing of

his claim, is not entitled to have the cause remanded to the Secretary for further proceedings when he thereafter retains counsel. *Ramirez v. Secretary of Health, Ed. & Welfare*, 528 F.2d 902 (1st Cir. 1976); *Goodman v. Richardson*, 448 F.2d 388 (5th Cir. 1971); *Granger v. Finch*, 425 F.2d 206 (7th Cir. 1970), *cert. denied*, 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970); *Steimer v. Gardner*, 395 F.2d 197 (9th Cir. 1968).

We have reviewed the record. In our view, Garcia received a full and fair hearing.

WE AFFIRM.