UNITED STATES COURT OF APPEALS

Filed 8/22/96

FOR THE TENTH CIRCUIT

ANNA M. BANTA,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

      Defendant-Appellee.

No. 95-6457
(D.C. No. CIV-94-1754-A)
(W.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Anna M. Banta appeals the district court's decision upholding the Secretary's denial of disability benefits and supplemental security income. Plaintiff alleged that she was disabled as a result of back pain radiating into her left hip and leg. Following two hearings, the administrative law judge (ALJ) determined, at step five of the applicable five-step sequential analysis, 20 C.F.R. §§ 404.1520, 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988), that, although plaintiff was unable to perform her past relevant work, she remained capable of performing other work existing in the national economy. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary. We review the Secretary's decision to insure that there is substantial evidence to support the Secretary's factual findings and that the Secretary correctly applied the law. Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995).

On appeal, plaintiff argues that she was denied effective legal representation at the second administrative hearing. There is no constitutional or statutory right to competent counsel in Social Security proceedings, see Smith v.

Secretary of Health, Educ. & Welfare, 587 F.2d 857, 860 (7th Cir. 1978) (no constitutional right to counsel); Jeralds v. Richardson, 445 F.2d 36, 39 (7th Cir. 1971) (although relevant statutes permit representation at administrative disability hearing, citing 42 U.S.C. § 406, Secretary is not compelled to provide counsel), or in civil proceedings generally, see MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir. 1988). Although ineffective representation might require a remand where there has been a showing of "clear prejudice or unfairness," Jeralds, 445 F.2d at 39; see also Arms v. Gardner, 353 F.2d 197, 199 (6th Cir. 1965) (remanding where claimant did not receive adequate representation), plaintiff has not made such a showing here. Plaintiff argues primarily that her attorney failed to ask the vocational expert a hypothetical question that included the physical restrictions to which she testified; however, the ALJ properly found those complaints of impairment not to be credible. See generally Kepler v. Chater, 68 F.3d 387, 390-92 (10th Cir. 1995) (discussing proper consideration of complaint of disabling pain); Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994) (this court will ordinarily defer to ALJ on credibility matters). Plaintiff also asserts that her attorney should have presented further evidence on her behalf but fails to specify that evidence.

Moreover, although the ALJ has a duty to develop the record fully, regardless of whether or not the claimant is represented by an attorney, Baca v.

Department of Health & Human Servs., 5 F.3d 476, 479-80 (10th Cir. 1993), our review of the record establishes that the ALJ fulfilled his duty in this case. Because the record contains substantial evidence supporting the ALJ's findings and because we find no legal error, we affirm the denial of benefits.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge